[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
This court has reviewed and digested the information afforded to the court during the hearings on February 6, 1998 and subsequently on March 10, 1998.
This dissolution first commenced on December 28, 1982 in the Superior Court at Bridgeport. Subsequently, on April 5, 1983 a judgement was entered before the Hon. Freedman J. dissolving the CT Page 3369-A marriage. Issue of the marriage were (3) in number:
1) Jos. A. Groves: D.O.B. May 19, 1966
2) Aram A. Groves: D.O.B. November 3, 1967
3) Christopher S. Groves: D.O.B. March 21, 1972
All minor children issue of said marriage have since reached the age of majority.
On April 8, 1988, the petitioner filed a petition before the Family Support Magistrate seeking an order for support. The hearing was scheduled for May 11, 1988 and the defendant was served in hand for said date. Defendant failed to appear and a Capias Mittimus was issued. (Sullivan, FSM)
On June 8, 1988 the defendant appeared in court before Sullivan, FSM. At that time the court entered orders of $200.00 per week for support (presumably for the support of Christopher S. Groves, Since the other children issue of the marriage had CT Page 3369-B emancipated). The court further ordered defendant to pay $25.00 per week on an arrearage owed to the State of Connecticut in the sum of $19,796.00. To the extent that the defendant argues that the plaintiff requested a hearing under Sec. 17-324 (now Sec.17b-745) of the General Statutes, this court agrees that said statute was inappropriate. However, the defendant had every right to appeal the June 8, 1998 support judgement. Said appeal period expired on July 2, 1988 (See 46b-231(n), fourteen day appeal period concerning decisions of a Family Support Magistrate.)
As the Attorney General has pointed out in his objection (Dated: February 3, 1998) the defendants three (3) year period to "file a petition for new trial" expired on June 18, 1991. (See52-270 C.G.S.) Further, on August 10, 1990 the defendant filed a "Motion to Re-Open and Modify". On April 2, 1993, the court granted the modification to the extent that the weekly arrearage payment was reduced to $10.00 and that portion of the motion relating to the reopening was denied. Arrears at that time (March 29, 1993) were found to be $38,396.00. This modification was accomplished with the agreement of counsel and the defendant, who were present in court. CT Page 3369-C
On January 12, 1998 the defendant again filed a "Motion to Reopen and Vacate" the June 8, 1988 judgement. The Doctrine of Res Judicata is Apposite in the case, "— a former judgement on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. DeMilo Co. v. Comm. OfMotor Vehicles, 233 Conn. 281, 282." This court agrees with the Attorney General when he cites CFM of Connecticut,. Inc. v. Chowdhury, 239 Conn. 375,396 (1996) wherein it was said that the rules of Res Judicata "are applicable to a valid and final judgement even if it is erroneous and subject to reversal." If the judgement is erroneous, the unsuccessful party's remedy is amotion for a new trial (Emphasis Added).
Defendants Motion To Open the June 8, 1988 Support Judgement is hereby denied..
___________________________ Edmund H. Miller Family Support Magistrate CT Page 3369-D